# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DWIGHT ANTHONY RANDALL, JR.,** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **GEORGE W. HILL PRISON** | : | **NO. 18-3737** |

## MEMORANDUM

**Savage, J.**                                                                                      September 26, 2018

Plaintiff Dwight Anthony Randall, Jr., acting *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983 based on his sharing a single cell with two other inmates in a single cell at the George W. Hill Correctional Facility. He seeks to proceed *in forma pauperis*. For the following reasons, we shall grant Randall leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice with leave to amend.

### Plaintiff's Complaint

Randall was incarcerated at the George W. Hill Correctional Facility in April, June, and July of 2018. In his Complaint, he alleges that his "civil rights were violated" because he "was put in [a] 3 man cell."[1] He does not assert any injuries. He seeks to be compensated for [his] condition at the facility."[2] A grievance attached to the Complaint indicates that he complained to staff about the fact that when he arrived at the jail he was put in a booking area without a bathroom or running water, that he spent some time sleeping on a cold floor, and that he was housed in a "3 man cell" with two other inmates.[3]

---

[1] Compl. at 6.

[2] *Id.* at 7.

[3] *Id.* at 9.

1

## Standard of Review

Because it appears that he cannot afford to pay the fees to commence this civil action, we grant Randall leave to proceed *in forma pauperis.* Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires a Court to dismiss the Complaint if it fails to state a claim.

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Because Randall is proceeding *pro se*, we must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## Discussion

We construe the allegations as raising constitutional claims pursuant to 42 U.S.C. § 1983, based on the conditions of confinement at the George W. Hill Correctional Facility. The complaint is deficient for the following reasons. First, the George W. Hill Correctional Facility is not a properly named defendant because a "prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws." *Regan v. Upper Darby Twp.*, No. CIV A 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010); *see also White v. Green*, Civ. A. No. 09-1219, 2009 WL 3209647, at *2 (E.D. Pa. Oct. 6, 2009) ("This Court has held that the George W. Hill Correctional Facility, is not a legal entity that is amenable to suit under § 1983.") (quotations omitted).

Second, Randall's claims fail substantively. The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement. The

2

Due Process Clause of the Fourteenth Amendment applies to claims brought by pretrial detainees. *Hubbard v. Taylor (Hubbard I)*, 399 F.3d 150, 166 (3d Cir. 2005). Because Randall's status during his incarceration is not clear from the Complaint, we analyze his Complaint under both amendments.

To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish that a prison official's acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). He must also establish that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To state a Fourteenth Amendment cause of action, a prisoner must establish that the conditions of confinement amounted to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). That inquiry generally turns on whether the conditions have a purpose other than punishment and whether the conditions are excessive in relation to that purpose. *See id.* at 538-39; *Hubbard I*, 399 F.3d at158.

Randall's Complaint appears predicated upon the fact that he was housed in a three-man cell. An allegation of multiple inmates in a cell alone does not state a constitutional violation. *See Hubbard v. Taylor (Hubbard II)*, 538 F.3d 229, 236 & n.6 (3d Cir. 2008) (pretrial detainees do not have a right "to be free from triple-celling or from sleeping on a mattress placed on the floor."); *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking of cells, alone, is not per se unconstitutional."). Instead, in assessing whether a prisoner's conditions of confinement violate the Eighth or Fourteenth Amendment, a court considers the totality of the circumstances. *See, e.g.*, *Hubbard II*, 538 F.3d at 235; *Nami v. Fauver*, 82 F.3d 63, 67

(3d Cir. 1996); *Union Cnty Jail Inmates v. DiBuono*, 713 F.2d 984, 1000-01 (3d Cir. 1983).

Without more, his sparse allegations fail to state a claim because they do not plausibly establish that the conditions of confinement at the George W. Hill Correctional Facility amounted to punishment or deprived him of any basic human need, such as food, medical care, sanitation, or security. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Bell*, 441 U.S. at 542-43 (double-bunking did not violate constitutional rights of pretrial detainees when detainees had sufficient space for sleeping and use of common areas, and the average length of incarceration was 60 days); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."); *Hubbard II*, 538 F.3d at 232-35 (triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment). Hence, Randall has not stated a claim for violation of his constitutional rights.

**Conclusion**

Randall's Complaint will be dismissed for failure to state a claim. The dismissal is without prejudice to his filing an amended complaint in the event he can state a plausible claim.

/s/TIMOTHY J. SAVAGE

4